IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GERARD MCKINSEY PIERCE,      )
                             )
              Petitioner,    )
                             )
         v.                  )    1:08CV147
                             )    1:06CR283-1
UNITED STATES OF AMERICA,    )
                             )
              Respondent.    )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF MAGISTRATE JUDGE ELIASON

Petitioner Gerard McKinsey Pierce, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 13.)[1] Petitioner was originally indicted on one count of possessing with intent to distribute 73.2 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Docket No. 1.) Respondent later filed an Information of Prior Conviction which gave Petitioner notice that it intended to use a prior drug conviction to enhance his sentence under 21 U.S.C. §§ 851(a)(1) and 841(b)(1)(A). (Docket No. 7.) Petitioner pled guilty (docket nos. 9, 10) to the drug distribution charge and was then sentenced to 274 months of imprisonment (docket no. 11). He did not pursue a direct appeal, but instead submitted his current motion under § 2255. Respondent has filed a response. (Docket No. 27.) Despite being advised of his right to file a reply

---

[1]This and all further cites to the record are to the criminal case.

and being given an extension of time to do so, Petitioner has not filed any reply.  Petitioner's § 2255 motion is now before the Court for a decision.

**DISCUSSION**

Petitioner raises two claims for relief in the motion itself. First, he contends that he received ineffective assistance of counsel because his attorney did not file a direct appeal.  His second claim asserts that he received ineffective assistance of counsel because his attorney did not object to him being sentenced as a career offender based on a case that had been dismissed. Petitioner's brief then makes further allegations of ineffective assistance of counsel.  In it, he specifically faults his attorney for failing to file a motion to suppress, failing to make a discovery motion, failing to object because the § 851 sentencing enhancement was not set out in the indictment, and failing to object to a two-level sentencing increase for obstruction of justice.  Petitioner claims that the obstruction increase was also based on cases that were dismissed.

All of Petitioner's claims are based on allegations of ineffective assistance of counsel.  In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984).  Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations.  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir.

1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Petitioner's first claim for relief states, in its entirety: "Counsel was ineffective for not filing movant's [d]irect appeal. Movant asked his attorney to file a [d]irect appeal on his behalf but Counsel failed to do so and indicated that he would receive more time." (Docket No. 13 at 5.) Petitioner repeats this assertion in his memorandum without adding any further allegations or details. (Docket No. 14.)

The Supreme Court has held that the dual performance and prejudice inquiry of Strickland provides the proper framework for analyzing a claim that counsel was ineffective for failing to file a notice of appeal. See Roe v. Flores-Ortega, 528 U.S. 470 (2000). The Roe Court reaffirmed that a defense attorney's performance falls below an objectively reasonable standard if he disregards the defendant's specific instructions to file a notice of appeal which defendant wants at the time and to which the defendant has a right. Id. at 477. However, if a defendant neither instructs counsel to

file an appeal nor asks that an appeal not be taken, and if counsel consulted with the defendant about an appeal, counsel performs unreasonably only by failing to follow the defendant's express instructions with respect to an appeal. See id. at 478.

Here, Petitioner's motion makes a bare and conclusory allegation that he asked his attorney to file an appeal, that counsel told him he might face more time even if he won on appeal, and that counsel did not file an appeal. Just as important as what the motion says is what it does not say. Petitioner gives his claim no context. He does not state when the conversation occurred, tell what exactly his attorney may have said about getting more time following an appeal, or even allege that he disagreed with his attorney's advice and still insisted on an appeal after hearing that an appeal might result in a longer sentence.

In contrast, Respondent has provided a detailed response from Petitioner's former attorney. In large part, counsel's rendition of events is actually similar to Petitioner's. Counsel neither confirms nor denies that Petitioner initially made a specific request for an appeal. Instead, he merely states that he and Petitioner did discuss the possibility of an appeal. He told Petitioner that there were no meritorious grounds for an appeal. More importantly, he warned Petitioner that an appeal could result in a longer sentence because, should he prevail on appeal, he could face a trial on the merits of both of his original charges. If Petitioner lost, the firearm charge which was dismissed as part of

-4-

his plea agreement would have resulted in a substantially longer sentence of imprisonment.[2]  Counsel asserts that Petitioner then chose not to appeal and that he never contacted counsel following sentencing or the entry of the judgment to say otherwise.  (Docket No. 27, Ex. A., ¶ 5(d).)

The Court concludes based on the parties' submissions that no disputed issue of fact remains which will require an evidentiary hearing to resolve.  Petitioner's motion states only that he asked for an appeal and that counsel then advised him against it.  It does not state that he then continued to ask for an appeal or that he did not accept counsel's advice.  Counsel's affidavit largely agrees with Petitioner's partial rendition of events, but completes the story by stating that Petitioner subsequently indicated he did not want to appeal once counsel warned him that the appeal had no merit and could result in more prison time.  Petitioner has not contradicted this version of events despite being told of his right to submit evidence and being given an extension of time to do so.  Petitioner's first claim for relief should be denied.

---

[2]The Presentence Report (PSR) reveals that Petitioner was a career offender with an offense level of 37 under U.S.S.G. § 4B1.1(b).  (PSR ¶ 16.)  This was then reduced to 34 based on acceptance of responsibility, resulting in a sentencing range of 262-327 months.  (PSR ¶¶ 17, 18, 51.)  Had Petitioner prevailed on appeal, returned to face a trial, and lost only on the drug distribution count, he would have almost certainly lost the reduction for acceptance of responsibility.  A total offense level of 37 would have resulted in a sentencing range of 360 months to life on the drug count alone.  If Petitioner lost on both the drug dealing and firearm count, the mandatory minimum 60 months for the firearm conviction would have then been added to this range under U.S.S.G. § 4B1.1(c)(2)(A), making Petitioner's sentencing range 420 to life.  As will be discussed later in relation to some of Petitioner's other claims, the facts of the case would have made the chances of a win at trial on either of his charges slim at best.

The second claim for relief listed in Petitioner's motion is that counsel failed Petitioner because he did not object to him being sentenced as a career offender based on a case (prior conviction) that had been dismissed. This claim is entirely conclusory and is not supported by the record. According to the PSR, Petitioner was determined to be a career offender based on his two prior convictions in the state cases of 98CRS26796 and 02CRS48312. (PSR ¶¶ 16, 21, 24.) Nothing in the PSR indicates that either of these cases was dismissed. Further, Petitioner's former attorney states in his affidavit that he reviewed the PSR with Petitioner and that Petitioner never indicated that either of the cases had been dismissed. (Docket No. 27, Ex. A., ¶ 5(b).) Petitioner has not even fully explained his claim, much less shown that one of the convictions was dismissed.[3] His claim should be dismissed as conclusory and because it is contradicted by record in the case.

In addition to the claims set out in the petition, Petitioner also attempts to use his memorandum to raise more claims. This is not proper. Still, Respondent has addressed those claims and they can all be easily dismissed on the merits.

The first new claim raised in the memorandum is that Petitioner's former attorney did not file a motion to suppress. This claim is entirely conclusory. Petitioner gives no grounds

---

[3]Petitioner may simply be confused. The PSR indicates that Petitioner pled guilty to one charge in 02CRS4812, while some additional associated charges were dismissed. (PSR ¶ 24.) Petitioner may be confusing the dismissed charges with the charge to which he pled guilty.

that could have been used to support such a motion and none are apparent in the record. The factual basis in the case reveals that an undercover informant agreed to purchase two ounces of cocaine base from Petitioner. When Petitioner arrived at the scene, police cars blocked his path. Petitioner tried to escape by using his car to ram a police car multiple times. He was then arrested. A handgun and cocaine base were found on his person at the time of the arrest. (Docket No. 10.) Based on these facts, it is difficult to see how any nonfrivolous motion to suppress could have been raised. Counsel did not err and Petitioner suffered no prejudice in any event. This claim should be dismissed.

Petitioner's next claim in his memorandum alleges that counsel failed to seek proper discovery. This claim is entirely conclusory. Petitioner points to no discovery that would have aided his case. Nor does he explain how the lack of a discovery motion could have affected his decision to plead guilty given the overwhelming evidence in the case. This claim should be dismissed for being conclusory.

Petitioner next contends that counsel failed him by not objecting to the fact that the § 851 enhancement was not included in the indictment. Although it is true that the enhancement was not set out in the indictment and that counsel did not object to this fact, Petitioner is due no relief because the claim has no legal basis. Contrary to Petitioner's assertion, there is not a requirement that a § 851 enhancement be alleged in an indictment. United States v. Smith, 451 F.3d 209, 224 (4th Cir. 2006).

Instead, it must only be set out in a separate information of prior conviction. 21 U.S.C. § 851(a)(1). This was done in the present case. (Docket No. 7.) Petitioner's rights were not violated in the manner alleged. There would have been no reason for counsel to have objected and Petitioner was not prejudiced by the failure to object. Again, this claim should be dismissed.

Petitioner's final claim is that he was prejudiced because his attorney did not object to a two-level increase for obstruction of justice. He claims that an objection should have been lodged because that increase was based on state charges that had been dismissed. Petitioner is apparently referring to a two-level increase that he received based on his conduct in ramming the police car three times with his own car at the time of his arrest. His car also struck an apartment building hard enough to move it off its foundation. The PSR applied the increase under U.S.S.G. § 3C1.2 for reckless endangerment during flight, not obstruction of justice. (PSR ¶ 14.) In any event, the record fully supports the increase. Petitioner admitted in the factual basis that he rammed the police car. (Docket No. 10 at 1.) The fact that state charges related to Petitioner's conduct were dismissed in no way prevents that conduct from being taken into account as relevant conduct at sentencing in this Court. His attorney did not provide ineffective assistance of counsel by failing to make a frivolous objection to the two-level increase. Obviously, Petitioner also suffered no prejudice. This claim too should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside, or correct sentence (Docket No. 13) be **DENIED** and that Judgment be entered dismissing this action.

_____
**United States Magistrate Judge**

December 31, 2008